TAYLOR v. GILMAN.

The party prevailing on review cannot recover the costs adjudged against him in the original action.

REVIEW, by the defendant. The original action was assumpsit on a promissory note. At the October term, 1878, Taylor recovered judgment for $700 debt, and costs taxed at $81.70, upon which execution issued, and was placed in the hands of an officer for collection. March 4, 1879, the officer received of Gilman $797.33, which was paid to Taylor. How much more the officer collected of Gilman as fees for levying did not appear by the return, but the figuring upon the back of the execution indicated that it was $14.99. At the April term, 1881, this judgment was wholly reversed on review, and at the October term, 1881, Gilman took judgment for $812.32, being the amount of the two sums last named, with interest from the time the officer returned that he collected the same to the date of the last named judgment, and costs of review. Taylor claims that the $81.70 and the $14.99 with interest should not have been included in the judgment. The court so ruled, and Gilman excepted.

*S. D. Quarles* and *Copeland & Edgerly*, for the defendant. The defendant has taxed no costs except those accruing on the review. He has not taxed, nor claimed to tax, his costs in the original suit. The statute does not prohibit the party prevailing on review from receiving back all that he has been compelled to pay by the erroneous judgment against him, when it has been wholly reversed. It does not mean that the costs which have been erroneously adjudged in the original action shall not be recovered back, but that the party who lost in the first suit shall not recover his taxable costs in the action in which he was the losing party. The defendant should recover as damages all that the plaintiff took judgment for in the original suit, both debt and costs. Gen. Sts., c. 215, ss. 13, 14; Laws 1838, c. 378; *Knox* v. *Knox*, 12 N. H. 358; *Andrews* v. *Foster*, 42 N. H. 379; *Wiggin* v. *Janvrin*, 47 N. H. 296; *Otis* v. *Currier*, 18 N. H. 87; *Ordway* v. *Haynes*, 54 N. H. 346; *Gay* v. *Smith*, 36 N. H. 435; *Gay* v. *Smith*, 38 N. H. 171.

*Worcester & Gafney*, for the plaintiff. The defendant should have taken judgment for $700 only, the amount of damages in the original action, and interest on that to the date of the judgment in the action of review. Instead of that he took judgment for the amount of $812 damages, and interest on that from date of original judgment to time of judgment in review, the excess of $112 being made up of $81 costs paid by defendant in the original action, and $31 costs paid the officer on the levy of the original execution, $16

of which he claims to have been in excess of the legal costs of the levy.

As to the $16 of excessive fees that he says the officer exacted of him, there is no warrant in law for his claim that the plaintiff is liable in any form or process of law to repay that sum. If he has any remedy for that, it is against the officer only. Neither can he recover $15, the legal fees on the execution, paid to the officer. If he can recover this of any one, it must be from the officer. He cannot recover $81 costs paid to the plaintiff in the original action. If he can recover it at all, he must recover it either as costs or as damages. But the statute forbids his recovering it as costs. "No costs shall be recovered, upon such review or new trial, except those accruing therein." Gen. Sts., c. 215, s. 13. And on the other hand, no one can pretend that, in any legal sense of the word, it is damages. It is true that the defendant was damaged pecuniarily by having to pay $81 costs to Taylor, in the original suit; but so he was damaged pecuniarily by the taxable costs he paid out to his own witnesses, and therefore, according to his theory, should be allowed to add those fees to the sum he takes judgment for, in damages, in the action in review. The decided cases all show that the defendant's view is erroneous. *Ordway* v. *Haynes*, 54 N. H. 346; *Andrews* v. *Foster*, 42 N. H. 379; *Badger* v. *Gilmore*, 37 N. H. 460; *Otis* v. *Currier*, 18 N. H. 87.

SMITH, J. The judgment to which the defendant is entitled is defined by the statute, which has stood without substantial change since 1838. When on review the defendant reduces the damages recovered in the orginal action, he is entitled to judgment for the amount of the reduction and costs. Gen. Sts., c. 215, s. 11. No costs can be recovered except those accruing on the review. When the defendant reviews, he can recover no more costs than the amount of the reduction of damages, unless the original judgment is wholly reversed. *Ib.*, s. 13. The defendant has wholly reversed the judgment recovered by the plaintiff in the original action, and therefore by the statute is entitled to a judgment for the whole amount of the reduction, $700, and costs of review. Interest should be computed upon the sum of $700 as damages for the detention of the money, from the time interest was computed on the same sum in the original action, which was the October term, 1878. *Ordway* v. *Haynes*, 54 N. H. 346; *Shepard* v. *Hatch*, 54 N. II. 96.

The party reviewing never recovers back as costs or as damages the costs adjudged to the other party in the original action. No such interpretation as the defendant contends for has ever been put upon the statute, and none of the cases cited by the defendant is authority for such construction. *Otis* v. *Currier*, 18 N. H. 85; *Andrews* v. *Foster*, 42 N. H. 376; *Wiggin* v. *Janvrin*, 47 N. H. 295; *Ordway* v. *Haynes*, 47 N. H. 9, 10. The rules of court have

been framed upon the idea that the costs of the original action cannot be recovered back.   The defendant cannot obtain a stay of execution until he pays the costs of the original action and files a bond conditioned to pay all such damages and costs as shall be adjudged against him on review, and the plaintiff may prevent a stay of execution by filing a counter bond to refund such sum as the damages shall be reduced on review.   Rule 51, 56 N. H. 590; Rule 48, 38 N. H. 592; Rule 47 of edition adopted July term, 1849.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.

---

IRELAND & *a. v.* DROWN.

Technical objections relating to matters of form are waived unless insisted upon at the trial; and a report or verdict will not ordinarily be set aside for a formal defect which might have been obviated by amendment, if the objection had been seasonably made.

A report of a referee will not be set aside on account of variance between the declaration and the proof appearing from reported facts, when the objection was not taken at the trial.

CLARK, J.   This action is trespass *qu. cl.* for breaking and entering the plaintiffs' close in Albany, containing about twenty-five acres, described as bounded on the north by land of the plaintiffs known as the Wentworth pasture, on the west by Hale's Location, and south and east by land supposed to belong to the defendant, and cutting and carrying away wood and lumber.   The referees by whom the action was tried find that the plaintiffs were in possession of the land described in the declaration, and were the owners of it, when the trespasses complained of were committed by the defendant, and assess damages for the plaintiffs, and the defendant files exceptions.   As it does not appear that the defendant offered any evidence of title to the land, it is unnecessary to consider any objections urged by the defendant to the sufficiency of the plaintiffs' title, because possession is sufficient evidence of title to maintain trespass against one showing no title.

*J. C. L. Wood* and *J. B. Nash*, for the plaintiffs.

*G. W. M. Pitman* and *J. H. Hobbs*, for the defendant.